UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                          No. 00-4202

DWAYNE ADAIR HARRISON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-96-45)

Submitted: November 30, 2000

Decided: December 8, 2000

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

James S. Ellenson, Newport News, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwayne Adair Harrison appeals the criminal judgment convicting him of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and sentencing him to a term of imprisonment of 150 months. On appeal, Harrison alleges that his counsel was ineffective for 1) allowing Harrison to waive a jury trial, 2) failing to file a suppression motion, 3) failing to object to the Government's expert testifying to the ultimate issue in the case, 4) failing to call an expert to oppose the testimony of the Government's expert, 5) failing to put on defense evidence, and 6) failing to object to the pre-sentence investigation report.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *Id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. To establish a claim of ineffective assistance of counsel, a prisoner must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that he was prejudiced by counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Harrison has failed to establish that counsel's ineffectiveness conclusively appears on the face of the record with regard to his claims. We therefore affirm the judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*